Jonathan A. Willens, Esq.
JONATHAN A. WILLENS LLC
217 Broadway, Suite 707
New York, New York 10007
Tel. (212) 619-3749
Fax: (800) 879-7938
jawillens@briefworks.com
*Attorney for the Defendant*
*Republic of Argentina*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
GRAMERCY ARGENTINA OPPORTUNITY
FUND, LTD. and GRAMERCY EMERGING
MARKETS FUND,

      Plaintiffs,          08 Civ. 02865 (TPG)

 -against-              **ANSWER**

THE REPUBLIC OF ARGENTINA,

      Defendant.
-----------------------------------------------------------------x

  Defendant the Republic of Argentina (the "Republic"), as and for its answer to the Complaint, dated March 18, 2008 (the "Complaint"), respectfully states as follows:

  1. The first sentence of Paragraph 1 of the Complaint purports to characterize the nature of the action brought, and accordingly, no responsive pleading is required. To the extent that Paragraph 1 of the Complaint constitutes a conclusion of law, no responsive pleading is required. The Republic otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1 of the Complaint, except admits that since December 2001, it has not paid interest or principal on non-nonperforming debt.

  2. The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2 of the Complaint.

  3. The Republic lacks knowledge or information sufficient to form a belief as to the

truth of the allegations of Paragraph 3 of the Complaint.

4.	Paragraph 4 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required. The Republic otherwise admits that it is a foreign state as defined in 28 U.S.C. § 1603(a).

5.	Paragraph 5 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required.

6.	Paragraph 6 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required.

The EMTN Notes

7.	The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7 of the Complaint, except admits that it entered into a Trust Deed dated as of July 27, 1993 (the "Trust Deed"), and refers to the Trust Deed for its true and correct contents. The Republic admits that it issued bonds having ISINs AT0001912331, XS0096960751, XS0080809253, and XS0081057589. To the extent that Paragraph 7 purports to characterize the contents of written documents, which documents speak for themselves, the Republic denies such characterizations inconsistent with the contents of the referenced documents and refers to the documents cited in Paragraph 7 for their true and correct contents.

8.	The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8 of the Complaint, except admits that it entered into the Trust Deed and refers to the Trust Deed for its true and correct contents. The Republic admits that it issued bonds having ISINs XS0096960751, XS0080809253, and XS0081057589. To the extent that Paragraph 8 purports to characterize the contents of written documents, which documents speak for themselves, the Republic denies such characterizations inconsistent with the contents of the referenced documents and refers to the documents cited in Paragraph 8 for their

true and correct contents.

9. Paragraph 9 of the Complaint purports to characterize the contents of a written document, which document speaks for itself. The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 9 of the Complaint for its true and correct contents.

10. The Republic denies the allegations of Paragraph 10 of the Complaint, except admits that since December 2001 it has not paid interest or principal on nonperforming debt.

11. Paragraph 11 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required. The Republic otherwise denies the allegations contained in Paragraph 11 of the Complaint.

12. The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12 of the Complaint. Paragraph 12 of the Complaint otherwise purports to characterize the contents of a written document, which document speaks for itself. The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 12 for its true and correct contents.

13. The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13 of the Complaint. Paragraph 13 of the Complaint otherwise purports to characterize the contents of written documents, which documents speak for themselves. The Republic denies such characterizations inconsistent with the contents of the referenced documents and refers to the documents cited in Paragraph 13 of the Complaint for their true and correct contents.

14. The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14 of the Complaint.

15. Paragraph 15 of the Complaint purports to characterize the contents of a written document, which document speaks for itself. The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 15 of the Complaint for its true and correct contents.

16. Paragraph 16 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required. The Republic otherwise denies the allegations contained in Paragraph 16 of the Complaint.

## COUNT ONE

17. The Republic repeats its responses to paragraphs 1 to 16 of the Complaint as if fully set forth here.

18. The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18 of the Complaint, except admits that it issued bonds having ISIN AT0001912331. Paragraph 18 of the Complaint otherwise purports to characterize the contents of a written document, which document speaks for itself. The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document referenced in Paragraph 18 of the Complaint for its true and correct contents.

19. The Republic denies the allegations of Paragraph 19 of the Complaint, except admits that since December 2001 it has not paid interest or principal on nonperforming debt.

20. Paragraph 20 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required. The Republic otherwise denies the allegations contained in Paragraph 20 of the Complaint.

21. Paragraph 21 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required. The Republic otherwise denies the allegations of Paragraph 21 of the Complaint.

## COUNT TWO

22.     The Republic repeats its responses to paragraphs 1 to 16 of the Complaint as if fully set forth here.

23.     The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23 of the Complaint, except admits that it issued bonds having ISIN XS0096960751.  Paragraph 23 of the Complaint otherwise purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document referenced in Paragraph 23 of the Complaint for its true and correct contents.

24.     The Republic denies the allegations of Paragraph 24 of the Complaint, except admits that since December 2001 it has not paid interest or principal on nonperforming debt.

25.     Paragraph 25 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required.  The Republic otherwise denies the allegations contained in Paragraph 25 of the Complaint.

26.     Paragraph 26 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required.  The Republic otherwise denies the allegations of Paragraph 26 of the Complaint.

## COUNT THREE

27.     The Republic repeats its responses to paragraphs 1 to 16 of the Complaint as if fully set forth here.

28.     The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 28 of the Complaint, except admits that it issued bonds having ISIN XS0096960751.  Paragraph 28 of the Complaint otherwise purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such

characterizations inconsistent with the contents of the referenced document and refers to the document referenced in Paragraph 28 of the Complaint for its true and correct contents.

29. The Republic denies the allegations of Paragraph 29 of the Complaint, except admits that since December 2001 it has not paid interest or principal on nonperforming debt.

30. Paragraph 30 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required. The Republic otherwise denies the allegations contained in Paragraph 30 of the Complaint.

31. Paragraph 31 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required. The Republic otherwise denies the allegations of Paragraph 31 of the Complaint.

COUNT FOUR

32. The Republic repeats its responses to paragraphs 1 to 16 of the Complaint as if fully set forth here.

33. The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 33 of the Complaint, except admits that it issued bonds having ISIN XS0080809253. Paragraph 33 of the Complaint otherwise purports to characterize the contents of a written document, which document speaks for itself. The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document referenced in Paragraph 33 of the Complaint for its true and correct contents.

34. The Republic denies the allegations of Paragraph 34 of the Complaint, except admits that since December 2001 it has not paid interest or principal on nonperforming debt.

35. Paragraph 35 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required. The Republic otherwise denies the allegations contained in Paragraph 35 of the Complaint.

36. Paragraph 36 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required. The Republic otherwise denies the allegations of Paragraph 36 of the Complaint.

## COUNT FIVE

37. The Republic repeats its responses to paragraphs 1 to 16 of the Complaint as if fully set forth here.

38. The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 38 of the Complaint, except admits that it issued bonds having ISIN XS0080809253. Paragraph 38 of the Complaint otherwise purports to characterize the contents of a written document, which document speaks for itself. The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document referenced in Paragraph 38 of the Complaint for its true and correct contents.

39. The Republic denies the allegations of Paragraph 39 of the Complaint, except admits that since December 2001 it has not paid interest or principal on nonperforming debt.

40. Paragraph 40 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required. The Republic otherwise denies the allegations contained in Paragraph 40 of the Complaint.

41. Paragraph 41 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required. The Republic otherwise denies the allegations of Paragraph 41 of the Complaint.

## COUNT SIX

42. The Republic repeats its responses to paragraphs 1 to 16 of the Complaint as if fully set forth here.

43. The Republic lacks knowledge or information sufficient to form a belief as to the

truth of the allegations of Paragraph 43 of the Complaint, except admits that it issued bonds having ISIN XS0081057589.  Paragraph 43 of the Complaint otherwise purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document referenced in Paragraph 43 of the Complaint for its true and correct contents.

44. The Republic denies the allegations of Paragraph 44 of the Complaint, except admits that since December 2001 it has not paid interest or principal on nonperforming debt.

45. Paragraph 45 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required.  The Republic otherwise denies the allegations contained in Paragraph 45 of the Complaint.

46. Paragraph 46 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required.  The Republic otherwise denies the allegations of Paragraph 46 of the Complaint.

COUNT SEVEN

47. The Republic repeats its responses to paragraphs 1 to 16 of the Complaint as if fully set forth here.

48. The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 48 of the Complaint, except admits that it issued bonds having ISIN XS0081057589.  Paragraph 48 of the Complaint otherwise purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document referenced in Paragraph 48 of the Complaint for its true and correct contents.

49. The Republic denies the allegations of Paragraph 49 of the Complaint, except admits that since December 2001 it has not paid interest or principal on nonperforming debt.

50. Paragraph 50 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required. The Republic otherwise denies the allegations contained in Paragraph 50 of the Complaint.

51. Paragraph 51 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required. The Republic otherwise denies the allegations of Paragraph 51 of the Complaint.

### First Affirmative Defense

52. The Complaint fails to state a claim upon which relief may be granted, including because plaintiffs seek recovery on bonds issued pursuant to the Trust Deed, despite plaintiffs' failure to plead facts demonstrating that the requirements for enforcement proceedings set out in the Trust Deed have been satisfied.

### Second Affirmative Defense

53. Plaintiffs' claims are barred by the act of state doctrine.[1]

### Third Affirmative Defense

54. To the extent plaintiffs are not acting in good faith in commencing and prosecuting this action, they are barred from enforcing any rights they may otherwise have.

### Fourth Affirmative Defense

55. Plaintiffs' claims are barred by the doctrine of unclean hands.

---

[1] The Republic recognizes that the Court has addressed the Second and Fifth Affirmative Defenses listed herein. See Lightwater Corp. Ltd. v. Republic of Argentina, 02 Civ. 3804 (TPG), 2003 WL 1878420, at *5 (S.D.N.Y. Apr. 14, 2003). The Republic pleads these Affirmative Defenses here to preserve them for potential appellate review. In connection with the Sixth Affirmative Defense facts may exist in the present case that were not before the Court in the cases covered by the Lightwater and EM Ltd. v. Argentina, 03 Civ. 2508 (TPG), 2003 WL 22120745, (S.D.N.Y. Sept. 12, 2003) (amended Sept. 16, 2003) Orders.

### Fifth Affirmative Defense

56.     Plaintiffs' claims are barred by the doctrine of abuse of rights.

### Sixth Affirmative Defense

57.     Plaintiffs' claims are barred by N.Y. Judiciary Law Section 489.

### Seventh Affirmative Defense

58.     Plaintiffs' interest claims, if any, arising before March 18, 2003, are barred in part by the applicable statute of limitations/prescription period.

WHEREFORE, the Republic respectfully requests that the Court enter an order:

(a) dismissing plaintiffs' claims with prejudice;

(b) awarding the Republic costs and disbursements, including reasonable attorneys' fees;

and (c) granting the Republic such other and further relief as the Court may deem just and proper.

Dated:   New York, New York
         May 19, 2008

JONATHAN A. WILLENS LLC

By: _____
    Jonathan A. Willens, Esq.
217 Broadway, Suite 707
New York, New York 10007
Tel. (212) 619-3749
jawillens@briefworks.com
*Attorney for the Defendant*
*Republic of Argentina*

To:   Russell W. Jacobs, Esq.
      Hughes Hubbard & Reed LLP
      One Battery Park Plaza
      New York, New York 10004-1482
      *Attorneys for Plaintiffs*